UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED MAJEED,<br>6249 W. Applecross Circle<br>Highland, UT 84003<br><br>                    Plaintiff,<br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE,<br>1600 Defense Pentagon<br>Washington, DC 20301-1600<br><br>                    Defendant | Civil Action No. 25-664 |

# COMPLAINT

Plaintiff alleges as follows, against Defendant U.S. Department of Defense:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under a FOIA request that Defendant received from Plaintiff on June 20, 2024, FOIA request 24-F-1445.

3) That FOIA request sought the original Arabic material from the Saddam Hussein Collection that was once located in the Conflict Records Research Center (including all the audio, video, and documents that were stored at that Center).

4) That collection is found in a database of the Defendant, which has produced records from it in 2023, 2024, and 2025 in response to FOIA lawsuits brought by plaintiff over his earlier FOIA requests, such as FOIA request # 23-F-1087.[1]

---

[1] *See Majeed v. Department of Defense*, Civil Action No. 23-713 (D.D.C.); *Majeed v. Department of Defense*, Civil Action No. 24-2025 (D.D.C.).

1

5) But Defendant refused to produce records in response to plaintiff's later FOIA request 24-F-1445.

6) In a June 21, 2024 letter, Defendant informed plaintiff "that your FOIA request 24-F-1445 has been administratively closed because it is a duplicate of your initial request 23-F-1087. Following a careful review, we have determined that both requests are essentially the same," seeking "documents formerly held by the Conflict Records Research Center."

7) However, the records are not the same, because FOIA request 24-F-1445 seeks all records in the Saddam Hussein Collection that had been located at the Conflict Records Research Center, unlike FOIA request 23-F-1087, which sought only 8 specific records from that collection. *See* Complaint in *Majeed v. Department of Defense*, No. 24-2025, ¶ 79 (listing 8 records requested in FOIA request 23-F-1087, all beginning with the "SH" identifier associated with the Saddam Hussein collection); Answer in *Majeed v. Department of Defense*, No. 24-2025, ¶ 79 (not denying that these 8 records were requested).

8) FOIA requesters are free to submit multiple FOIA requests that overlap with one another in what responsive records they cover, such as requesting records withheld in response to a prior FOIA request. *See Haleem v. DOD*, No. 23-1471, 2024 WL 5159073 (D.D.C. Dec. 18, 2024) (court allowed requester to submit FOIA request for "the 113 pages that have been withheld" in response to a prior FOIA request, even though the agency viewed it as "a duplicate request").

9) Defendant has the ability to produce the records sought in FOIA request 24-F-1445.

10) It recently produced records from the same collection of records about the Saddam Hussein regime, in response to a FOIA lawsuit brought by plaintiff over FOIA request 23-F-1087. *See Joint Status Report* of Nov. 12, 2024 at pg. 1, in *Majeed v. Department of Defense*, D.D.C. No. 24-2025 ("With respect to 23-F-1086 and 23-F-1087, Defendant produced the responsive records on September 12, 2024, and made a supplemental production on November 8, 2024").

11) But other records in that same collection sought by plaintiff's FOIA request 24-F-1445 remain unproduced.

12) Thus, Defendant has improperly withheld agency records.

13) The records remain unproduced even though defendant can, and repeatedly has, produced records in response to plaintiff's earlier FOIA requests from the same database containing records once found in the Conflict Records Research Center.[2]

14) Due to defendant's improper withholding of agency records, and failure to comply with FOIA, Plaintiff has filed this lawsuit to compel it to comply with the law.

15) Before suing, plaintiff had no duty to administratively appeal the closure of his FOIA request, because the letter closing the request contained no notification of a right to administratively appeal the closure.[3]

---

[2] *Majeed v. Department of Defense*, D.D.C. Civil Action No. 23-713, *Amended Complaint*, ¶¶ 14-33 (describing records sought in that case, found in Defendant's CRRC database); *Answer* (May 19, 2023), ¶¶ 14-33 ("Defendant admits the allegations in these paragraphs"); *Joint Status Report* (July 25, 2023) in *Majeed v. Dep't of Defense*, D.D.C. Civil Action No. 23-713, at 1 ("Defendant has located and produced almost all documents."); *Joint Status Report* (May 25, 2023) at 1 ("production of the responsive records" had not occurred yet, but would "occur by July 7, 2023").

[3] *See Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 67 (D.C. Cir. 1990) (requester had no duty to administratively appeal no-records response because it contained no notification of

3

16) Thus, plaintiff has exhausted all administrative remedies.

## PARTIES

17) Plaintiff Mohammed Majeed is a physician, author, and researcher, who has written books and blog posts about the cruelty of the Saddam Hussein regime, Saddam's human rights abuses, and life under his regime, drawing partly on records released under FOIA.

18) United States Department of Defense is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Defendant has possession, custody, and control of records that Plaintiff seeks.

## JURISDICTION AND VENUE

19) This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). For example, 5 U.S.C. § 552(a)(4)(B) provides that "the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

20) Venue is proper because FOIA vests venue in this court, regardless of the location of the parties, *see* 5 U.S.C. § 552(a)(4)(B); *In re Scott,* 709 F.2d 717, 720 (D.C. Cir. 1983) ("Section 552(a)(4)(B) reflects an express congressional design to render the District of Columbia an all-purpose forum in FOIA cases").

## ADDITIONAL FACTUAL BACKGROUND

---

right to administratively appeal that decision; "merely inform[ing] [the requester] that he could call the agency for further information...did not qualify as notice of...right to appeal."); *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2016).

21) On June 20, 2024, plaintiff submitted a FOIA request to Defendant, saying, *inter alia*, "Please provide me with a copy of all the original Arabic material from Saddam Hussein Collection that was at the conflict records research center…Including all the audio, video and documents that was stored at that Center."

22) In a June 21, 2024 letter, Defendant informed plaintiff

> We received your request on June 20, 2024, and assigned it FOIA case number 24-F-1445….Please be informed that your FOIA request 24-F-1445 has been administratively closed because it is a duplicate of your initial request 23-F-1087. Following a careful review, we have determined that both requests are essentially the same. As explained in our final response letter concerning 23-F-1087, documents formerly held by the Conflict Records Research Center have been transferred to the University of Stanford's Hoover Institution Library and Archives (Hoover Institute), and once the collection has been in-processed at the Hoover Institute the data will be available to a broad audience.

23) Defendant did not, however, deny that it retained documents responsive to plaintiff's FOIA requests 23-F-1087 and 24-F-1445.

24) Indeed, it soon thereafter produced records responsive to FOIA request 23-F-1087. *See Joint Status Report* of Nov. 12, 2024 at pg. 1, in *Majeed v. Department of Defense*, D.D.C. No. 24-2024 ("Defendant produced the responsive records on September 12, 2024, and made a supplemental production on November 8, 2024").

25) It produced those records from the Saddam Hussein Collection formerly found at the Defendant's Conflict Records Research Center.

26) Similarly, Defendant's June 21, 2024 letter recognized that plaintiff's request 24-F-1445 was seeking that same collection.

27) Because that request sought that very same collection of records about the Saddam Hussein regime, Defendant's June 21, 2024 letter deemed plaintiff's request 24-F-1445 duplicative.

28) On July 12, 2023, Plaintiff had submitted that earlier FOIA request 23-F-1087, seeking eight records from the Saddam Hussein Collection formerly maintained by the Defendant's Conflict Records Research Center.

29) For each of the 8 records, request 23-F-1087 listed first a 13-character record number identifying where the record was found in the archive, starting with "SH" for the Saddam Hussein Collection (such as "SH-SHTP-A-001-259" for the first such record), then provided the date of the record, and then provided a document description.

30) This used a citation format similar to that used by Defendant's Conflict Records Research Center, which had held the archive containing the requested records.[4]

31) Records in the Saddam Hussein Collection (also known as the Saddam Hussein Regime Collection) begin with "SH-" in the database of records that were once located at the Conflict Records Research Center, and the beginning characters "SH" indicate that a record is part of the Saddam Hussein Collection.

32) The FOIA request for case number 23-F-1087 stated,

> I want the original Arabic Documents from Conflict records research center database SH-SHTP-A-001-259, Saddam and top political advisors discussing Hussien Kamel's mental health and problems with king Hussien of Jordan 17 August 1995 SH-SHTP-A-001-260, Saddam discussing the details of Hussein Kamel's escape. Undated (circa mid-late August 1995).

---

[4] *Amended Complaint* in *Majeed v. Department of Defense*, D.D.C. Civil Action No. 23-713, ¶ 17 (so stating); Answer (May 19, 2023), ¶¶ 14-33 ("Defendant admits the allegations in these paragraphs") in *Majeed v. Department of Defense*, D.D.C. Civil Action No. 23-713.

> SH-SHTP-A-000-894 17 Jul 1990 Meeting between Saddam Hussein and Iraqi officials regarding the Iraq-Kuwait diplomatic situation before the First Gulf War.
> SH-SHTP-A-001-232, Iraqi officials discussing the occupation of Kuwait 7 August 1990.
> SH-SHTP-A-000-762 Circa Aug 1995 Meeting between Saddam Hussein and Iraqi Ministers regarding the treason of Hussein Kamil.
> SH-SHTP-A-000-837 07 Aug 1995 to 1999 Saddam Hussein and senior political advisors discussing the treason of Hussein Kamil.
> SH-SHTP-A-001-205, Saddam and his inner circle discussing a letter from Hussein Kamil. 19 February 1996.
> SH-SHTP-A-001-244, Iraqi military officials discussing air force and army performance during the 1991 gulf war, 27 November 1995.

33) Over eleven months later, on June 21, 2024, Defendant's Freedom of Information Division sent plaintiff a letter regarding FOIA case number 23-F-1087 stating, "we are administratively closing this request."

34) That letter, signed by Stephanie L. Carr, further stated that "the Department has donated the recovered CRRC data to the University of Stanford's Hoover Institution Library and Archives (Hoover Institute)…. individuals can make appointment to view the documents on a closed computer system available at their California and Washington D.C. locations. The Department made this transfer recently and envisages the collection to be available as described within the next few months once Hoover has in-processed the collection….This action closes your request with this office."

35) But the fact that another entity has received data from an agency does not relieve the agency of its duty to produce that data in response to a FOIA request. *See, e.g., Morley v. CIA*, 508 F.3d 1108, 1119 (D.C. Cir. 2007) (agency that transmitted records to National

Archives before receiving plaintiff's FOIA request must still produce those records if it "retained copies of the records"); *see U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136 (1989) (fact that records were available to the public from the tax courts did not justify the Justice Department's failure to produce those same records).[5]

36) At the time of the FOIA request, Defendant clearly had the database containing the responsive records. It had produced records from that very database to plaintiff on June 30, less than two weeks earlier, in response to a prior FOIA lawsuit by Plaintiff against Defendant.[6]

37) So on July 12, 2024, plaintiff brought a lawsuit to compel production of the responsive records. *See Majeed v. Department of Defense*, D.D.C. Civil Action No. 24-2025, Complaint, ¶¶74-129.

38) In response to that lawsuit, Defendant produced the responsive records sought in FOIA request 23-F-1087. *See Joint Status Report* of Nov. 12, 2024 at pg. 1, in *Majeed v. Department of Defense*, D.D.C. No. 24-2025 ("With respect to 23-F-1086 and 23-F-1087, Defendant produced the responsive records on September 12, 2024, and made a supplemental production on November 8, 2024").

39) Those records were produced from the collection of records about the Saddam Hussein regime that plaintiff seeks in FOIA request 24-F-1445.

---

[5] Similarly, FOIA does not permit an agency to withhold records by transferring or deleting them after receiving a FOIA request. Removal of a "document after it has been requested" violates the Freedom of Information Act. *Chambers v. Department of Interior*, 568 F.3d 998, 1004 (D.C. Cir. 2009); *see Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 34 F.Supp.2d 28, 41 (D.D.C. 1998).

[6] *See Amended Complaint* in *Majeed v. Department of Defense*, D.D.C. Civil Action No. 23-713, ¶¶ 14-33 (describing records sought in that case, found in Defendant's CRRC database); *Answer* (May 19, 2023), ¶¶ 14-33 ("Defendant admits the allegations in these paragraphs"); *Joint Status Report* (July 25, 2023) at 1 ("Defendant has located and produced almost all documents.")

40) Thus, defendant had custody and control of the records plaintiff seeks in FOIA request 24-F-1445 at the time he submitted that request.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

41) Plaintiff re-alleges paragraphs 1-40 as if fully set out herein.

42) Defendant is improperly withholding agency records sought by FOIA request 24-F-1445.

43) Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to the records described in his FOIA request;

   b. Defendant's processing of plaintiff's FOIA request is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA;

   c. Defendant has a duty to produce the records responsive to plaintiff's FOIA request.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

44) Plaintiff re-alleges paragraphs 1-43 as if fully set out herein.

45) Plaintiff is entitled to injunctive relief compelling defendant to produce the records described in FOIA request 24-F-1445.

46) Plaintiff asks the Court to issue an injunction ordering Defendant to produce to plaintiff the records sought in Plaintiff's FOIA request.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

47) Plaintiff re-alleges paragraphs 1-46 as if fully set out herein.

48) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

49) This Court should enter an injunction ordering Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for his attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 6th day of March, 2025,

/s/ Hans F. Bader
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1236 N. Stafford St., Arlington, VA 22201
(703) 399-6738

*Attorney for Plaintiff*